IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**July 31, 2026**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CHRISTOPHER P.,**
**Respondent Below, Petitioner**

**v.) No. 25-ICA-390**   (Fam. Ct. Jefferson Cnty. Case No. FC-19-2025-D-57)

**ANDREA P.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Christopher P.[1] ("Husband") appeals the Family Court of Jefferson County's August 31, 2025, Final Divorce Order-August 25, 2025. Respondent Andrea P. ("Wife") filed a response in support of the family court's order.[2] Husband filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds error in the family court's decision, but no substantial question of law. Therefore, this case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to reverse and vacate the family court's orders and to remand to the family court for further proceedings consistent with this decision.

The parties were married in January 2017 and share three children. Wife filed a petition for divorce on March 7, 2025, and paid for a private process server to serve Husband with her petition while he was briefly incarcerated at the Eastern Regional Jail, in West Virginia. On March 19, 2025, the private process server left Wife's petition for divorce with a jail employee, who, presumably, was to give it to Husband. Wife then filed the return of service affidavit signed by the process server with the clerk's office.

The family court held an initial hearing on July 8, 2025, at which time Husband was again incarcerated, but this time, in Texas. At the hearing, the family court acknowledged Husband's incarceration and appointed him a Guardian ad Litem ("GAL"). Despite knowing Husband was incarcerated and appointing him a GAL, the family court proceeded

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Husband is self-represented. Wife is represented by Kirk H. Bottner, Esq.

to hear the case and allowed Wife to present evidence regarding the merits of her petition for divorce. Thereafter, the family court entered its Initial Hearing Order-July 8, 2025, on July 10, 2025, in which the family court ordered that "said testimony [of Wife's witness] will be carried to the final hearing in this matter." The family court then scheduled a final hearing for August 25, 2025.

Husband was released from incarceration in Texas on or about July 30, 2025. On August 21, 2025, the GAL filed a letter with the family court informing the court that pursuant to Rule 21.05(f) of the West Virginia Trial Court Rules, her appointment as GAL for Husband was automatically terminated because Husband was no longer incarcerated. The family court entered an order relieving the GAL of her duties on August 22, 2025, at 6:01 p.m. Husband filed a motion to continue the hearing on August 25, 2025, minutes prior to the start of the hearing, requesting additional time to obtain counsel due to the recent release of the GAL. Husband appeared at the hearing by phone. During the hearing, Husband orally reiterated his motion for a continuance and also argued that he was never served with Wife's initial divorce pleadings while he was incarcerated in West Virginia. The family court denied Husband's motion to continue, found that Husband had been properly served with Wife's petition and summons, and further found that Husband had several months to prepare for the hearing or to obtain counsel.

The family court proceeded with the hearing and issued rulings (1) divorcing the parties on the grounds of cruel and inhuman treatment; (2) awarding Wife sole physical custodial allocation and sole decision-making authority of the parties' three minor children; (3) awarding Wife child support in the amount of $1,105.94 per month, to commence September 1, 2025; (4) distribution of the parties' marital property; and (5) awarded Wife rehabilitative spousal support in the amount of $1,000 per month for twenty-four months. The family court entered its Final Divorce Order-August 25, 2025, on August 31, 2025. It is from this order that Husband now appeals.

For these matters, we use the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Husband asserts nine assignments of error. However, we only need to address one of those assignments of error to dispose of this appeal. That is, Husband argues

2

that he was not served with Wife's petition for divorce and summons while he was incarcerated in West Virginia. We agree that given the record below, Husband was not properly served; therefore, the family court lacked jurisdiction to hear Wife's petition for divorce.[3]

Before a family court can hear a petition for divorce, the family court must first have personal jurisdiction over the parties. West Virginia Code § 48-5-103(b) provides that, "[a] judgment order may be entered upon service of process in the manner specified in the rules of civil procedure for the service of process upon individuals." Rule 4(d)(3) of the West Virginia Rules of Civil Procedure, governing the manner of service of process for incarcerated individuals, states that:

> (d) **Manner of Service**. Service may be effectuated by personal or substituted service and shall be made upon:

> (3) *Incarcerated Persons.* Upon a person confined in the penitentiary or jail of this or any other state, or of the United States, by delivering a copy of the summons and complaint to that person's committee, guardian or like fiduciary resident in the State. If there be no such committee, guardian or like fiduciary, or if the committee, guardian or like fiduciary is a plaintiff, then service shall be made upon a guardian ad litem appointed under Rule 17(c).

In this case, the process server merely left Wife's initial divorce pleadings and summons with an employee of the West Virginia Eastern Regional Jail. However, that employee was not Husband's "committee, guardian or like fiduciary" as required by the Rules of Civil Procedure. Thus, Husband was never served. Moreover, even after the family court appointed a GAL for Husband pursuant to Rule 17(c) of the West Virginia Rules of Civil Procedure, Wife did not properly serve her petition for divorce and summons on the GAL. Because Wife failed to perfect service on Husband according to the Rules of Civil Procedure, the family court lacked jurisdiction over Husband and was not authorized to order judgment against him. *See In re S.J.*, No. 19-0702, 2020 WL 3172863, at *6 (W. Va. June 15, 2020) (memorandum decision) ("Our case law is clear: a court that enters a judgment where there has been insufficient service of process is without jurisdiction to enter said judgment[.]" (quoting *Overfield v. Collins*, 199 W. Va. 27, 34 n.5, 483 S.E.2d 27, 34 n.5 (1996))).

Accordingly, the Jefferson County Family Court orders entered after Wife filed her petition for divorce on March 7, 2025, are vacated in their entirety and held for naught, including the orders entered July 10, 2025, and August 31, 2025. Further, all the family

---

[3] Because our decision regarding service is dispositive of this case, we need not address the merits of Husband's additional assignments of error.

court's rulings and decisions in this matter are reversed, and this matter is remanded for new proceedings consistent with this decision after Wife properly serves Husband with her petition for divorce.[4]

Reversed, Vacated, and Remanded.


**ISSUED:** July 31, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

[4] On remand, the family court may come to the same conclusions; however, further orders of the family court must contain sufficient findings of fact and conclusions of law to facilitate a meaningful appellate review and cannot consist of merely conclusory statements without an analysis of the relevant statutory and case law that illustrates the family court's rationale for its decision.

The Supreme Court of Appeals of West Virginia has said that to properly review an order of a family court, "[t]he order must be sufficient to indicate the factual and legal basis for the [family court]'s ultimate conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996).